IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

TERYL DEANDRA WORTHAM,

    Plaintiff,

v.

UNNAMED DEFENDANT,

    Defendant.

CIVIL ACTION NO.: 6:16-cv-74

**ORDER**

Teryl Deandra Wortham sent a letter to the Northern District of Georgia complaining of the conditions of his confinement at Georgia State Prison ("GSP") in Reidsville, Georgia. (Doc. 1.) Because GSP is located in this District, that court transferred the case to this Court. (Doc. 2.) However, it is not clear from Wortham's letter whether he intends to bring a lawsuit and, if so, who he intends to sue. Moreover, Wortham has not paid the required filing fee or moved to proceed *in forma pauperis*. Accordingly, the Court provides the following directives to Wortham which he is urged to follow.

**I.    Order to Pay Filing Fee or Move to Proceed *in Forma Pauperis***

Plaintiff is hereby advised that under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321, **all** prisoners, even those who are allowed to proceed *in forma pauperis*, must pay the full filing fee of $350.00 in full. 28 U.S.C. § 1915(b)(1). Plaintiff must also pay the full appellate court filing fee if a Notice of Appeal is filed. Prisoner litigants allowed to proceed *in forma pauperis* must pay an initial partial filing fee of twenty percent (20%) of the greater of the average monthly deposits to, or average monthly balance in, the prisoner's account for the 6-month period immediately preceding the filing of the complaint. Prison officials are

then required to collect the balance of the filing fee by deducting twenty percent (20%) of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). This payment shall be forwarded to the Clerk of Court "each time the amount in [Plaintiff's] account exceeds $10 until the full filing fees are paid." Id. The entire filing fee must be paid even if this suit is dismissed at the outset because it is frivolous, malicious, fails to state a claim, or seeks monetary damages against a defendant who is immune from such relief.

In addition to requiring payment of the full filing fee, the Act requires prisoners to exhaust all administrative remedies **before filing** a federal lawsuit that challenges "prison conditions" in a civil action. 42 U.S.C. § 1997e; see 18 U.S.C. § 3626(g)(2). All prisoner civil rights actions are subject to dismissal if the prisoner has not exhausted the available administrative remedies with respect to each claim asserted. Moreover, even if his Complaint is dismissed for failure to exhaust, Plaintiff will still be responsible for payment of the full filing fee.

The law also provides that a prisoner cannot bring a new civil action or appeal a judgment in a civil action *in forma pauperis* if the prisoner has on three or more prior occasions, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. The only exception to this "three strikes" rule is if the prisoner is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Because of these requirements in the law, the court will give Plaintiff an opportunity, at this time, to voluntarily dismiss the complaint pursuant to Federal Rule of Civil Procedure 41(a)(1). Such a voluntary dismissal will not require Plaintiff to pay the filing fee or

count as a dismissal which may later subject Plaintiff to the three-dismissal rule under section 1915(g). Plaintiff may dismiss his case at this time by filing a Notice of Dismissal.

However, should Plaintiff choose to proceed with his case, Plaintiff **MUST** comply with the following instructions. **On or before August 29, 2016,** Plaintiff must either pay the $350.00 filing fee in full or, if he is unable to pay the full filing fee at this time, move the Court to proceed *in forma pauperis*. Should Plaintiff seek to proceed *in forma pauperis*, he must fill out the form Application to Proceed *in Forma Pauperis* which shall be attached to this Order.

II.     **Order to Amend Complaint**

Additionally, Plaintiff is advised that in order to state a claim for relief under Section 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa Cty., 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id. While local governments qualify as "persons" under Section 1983, state agencies and penal institutions are generally not considered legal entities subject to suit. See Grech v. Clayton Cty., Ga., 335 F.3d 1326, 1343 (11th Cir. 2003).

Additionally, Section 1983 liability must be based on something more than a defendant's supervisory position or a theory of respondeat superior.[1] Bryant v. Jones, 575 F.3d 1281, 1299 (11th Cir. 2009); Braddy v. Fla. Dep't of Labor & Emp't Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. "To state a claim against a supervisory defendant, the

---

[1] The principle that respondeat superior is not a cognizable theory of liability under Section 1983 holds true regardless of whether the entity sued is a state, municipality, or private corporation. Harvey v. Harvey, 949 F.2d 1127, 1129–30 (11th Cir. 1992).

3

plaintiff must allege (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct." Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011).

Additionally, the Eleventh Circuit has routinely and explicitly condemned "shotgun pleadings," Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 979 n.54 (11th Cir. 2008), which it has described as pleadings that make it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 n.9 (11th Cir. 2002). A district court is not required to "sift through the facts presented and decide for itself which were material to the particular cause of action asserted." Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 372 (11th Cir. 2005) (quoting Strategic Income Fund, 305 F.3d at 1295 n.9). Moreover, a plaintiff may not join unrelated claims and various defendants unless the claims "arise out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a).

Plaintiff's Complaint in its current form fails to state a viable claim, does not name a defendant that allegedly violated his constitutional rights, and includes unrelated claims. The Court will provide Plaintiff the opportunity to amend his Complaint and **DEFERS** frivolity review until such Complaint is filed. The amended complaint must include which claim or related claims (or, alternatively, which claims against which Defendants) Plaintiff wishes to pursue in this action. Plaintiff may submit a separate complaint or complaints for his other

4

claims. After Plaintiff files an amended complaint, the Court will conduct the requisite frivolity review.

If Plaintiff does not file an appropriately amended complaint by **August 29, 2016**, the Court may dismiss this action for failure to prosecute and failure to follow this Court's Orders. Smith v. Owens, 625 F. App'x 924, 928 (11th Cir. 2015) (upholding this Court's dismissal for failure to comply with Federal Rule of Civil Procedure 20(a)); Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (upholding dismissal for failure to prosecute Section 1983 claims where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal).

## CONCLUSION

The Clerk of Court is **DIRECTED** to serve Plaintiff with a copy of this Order and to attach the Form Application to Proceed *in Forma Pauperis*. The form shall be the version designed for use by prisoners and shall ask Plaintiff about the status of his prison trust fund account. Should Plaintiff fail to (1) pay the filing fee or move to proceed *in forma paperis* using the attached form; or (2) amend his Complaint, by **August 29, 2016**, the Court will dismiss this case without prejudice for failure to prosecute and failure to follow this Court's Orders. Additionally, while this action is pending, Plaintiff **shall** immediately inform this Court in writing of any change of address. Failure to do so will result in dismissal of this case, without prejudice

**SO ORDERED**, this 8th day of August, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

5